Filed 1/25/16  In re J.L. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | G040507 |
| Plaintiff and Respondent, | (Super. Ct. No. DL009632) |
| v. | O P I N I O N |
| J.L., | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Donna L. Crandall, Judge.  Affirmed.

Paul R. Ward and Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janet Neeley and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

J.L. appeals from the juvenile court's adjudication sustaining allegations he committed four lewd and lascivious acts with three children, beginning when he was a preteen. (Welf. & Inst. Code, § 602; Pen. Code, § 288, subd. (a), all further statutory references are to the Penal Code.) The adjudication subjects him to far-reaching residency restrictions (§ 3003.5, subd. (b)) under Jessica's Law (Proposition 83) for the remainder of his life. (§ 290, subd. (b); see *In re Taylor* (2015) 60 Cal.4th 1019, 1039 [§ 3003.5(b) "effectively barred petitioners access to approximately 97 percent of the multifamily rental housing units in San Diego County"]; Cal. Sex Offender Management Bd., Homelessness Among Cal. Registered Sex offenders: An Update (Sept. 2011) p. 7 ["the vast majority of potential housing locations in urban areas are now . . . off-limits"].)

Jury trials are generally unavailable in juvenile adjudications under *McKeiver v. Pennsylvania* (1971) 403 U.S. 528 (*McKeiver*), based on the rehabilitative nature of such proceedings. In a prior opinion, we noted section 3003.5(b) affords no exception for rehabilitated juveniles, and we concluded its severe restrictions were punitive in nature and effect. The punitive consequences include potential homelessness and rendering the minor a de facto orphan if the juvenile lives in an exclusion zone and his or her parents cannot or do not move. We observed under high court precedent that the constitutional interest in a jury trial includes requiring community participation in the form of a jury trial before severe punishment is imposed. (E.g., *McKeiver*; *Duncan v. Louisiana* (1968) 391 U.S. 145.) Finding the residency restrictions severely punitive in practical effect, we concluded a jury trial is necessary before imposing those consequences, particularly on a juvenile. Accordingly, we held denial of the right to a jury trial here violated due process and equal protection, and therefore the residency restrictions must be enjoined as to J.L., absent a jury trial on remand.

The Supreme Court granted review, and now has returned the matter for reconsideration in light of *People v. Mosley* (2015) 60 Cal.4th 1044 (*Mosley*). There, a jury acquitted the adult defendant of committing a lewd act on a child under the age of 14, but convicted him of simple assault. At sentencing, the trial court found the defendant "'committed the offense *as a result of sexual compulsion or for purposes of sexual gratification*,'" and therefore ordered him to register as a sex offender (§ 290.006), which subjected him to section 3003.5(b)'s residency restrictions. (*Mosley*, at p. 1077.) A majority in *Mosley* concluded the trial court's factfinding concerning the defendant's intent and resulting discretionary registration order did not run afoul of *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) [defendant entitled to a jury determination of facts increasing punishment beyond statutory maximum for underlying conviction].

Relying on *Oregon v. Ice* (2009) 555 U.S. 160 [*Apprendi* does not preclude traditional judicial imposition of consecutive rather than concurrent sentences], the Supreme Court in *Mosley* held that because "residency restrictions and underlying sex offender registration requirements are modern regulatory sentencing imperatives . . . in which juries have played no historical role, [they] do not implicate the Sixth Amendment jury trial guarantee . . . ." (*Mosley*, *supra*, 60 Cal.4th at p. 1060.) Alternatively, the court concluded the residency restrictions do not constitute punishment, and therefore do not implicate the Sixth Amendment right to a jury trial before they are imposed. (*Id.* at pp. 1062-1069.)

Both these rationales independently require affirming the residency restrictions imposed here without a jury adjudication. First, the residency restrictions and underlying sex offender registration requirement are modern sentencing innovations for

juveniles no less than adults, and therefore are inapt under *Ice* for *Apprendi* scrutiny, per *Mosley*.

Second, the electorate's nonpunitive purpose of protecting children in and around parks is rational, and therefore no more excessive or overbroad for juveniles than adults because as in *Mosley* "the real-life consequences of the residency restrictions . . . may vary widely from person to person, and from case to case." (*Mosley*, *supra*, 60 Cal.4th at p. 1067.)  For juveniles and adults alike, the residency restrictions require — apart from continuing compliance — no other affirmative acts, such as periodic registration.  (*Ibid.*)  As *Mosley* observed (*id.* at p. 1068), the high court has upheld sex offender registration because a state is not precluded "from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." (*Smith v. Doe* (2003) 538 U.S. 84, 103.)  And where the purpose is rational, a close or perfect fit with nonpunitive aims is not required, nor is the most efficacious or least disruptive approach.  (*Mosley*, *supra*, at pp. 1068, 1069.)  Under *Mosley*, based on the voters' intended regulatory purpose, the residency restrictions are not so disruptive or harsh in effect that they constitute punishment.

As binding authority, *Mosley* requires that we affirm the judgment, including the lifetime residency restrictions resulting from the juvenile court's adjudication of facts and its registration order.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Additionally, as we explained in our prior opinion, defendant's other challenges also fail.  His exposure, following his sex offense adjudication, to potential civil commitment proceedings under the Sexually Violent Predators Act (SVPA; Welf. & Inst. Code, §§ 6600 et seq.) does not warrant a jury trial as a matter of due process or

4

equal protection. Our Supreme Court has explained that SVPA proceedings are noncriminal in nature because they are for the purpose of treatment rather than punishment. (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1172-1179.) Accordingly, defendant's claim that potential SVPA proceedings constitute additional punishment is without merit. Contrary to defendant's basic premise, the risk of future SVPA proceedings does not constitute greater punishment than is meted out in typical juvenile proceedings; rather, the risk is not a form of punishment at all. (*Ibid.*)

Similarly, sex offender registration, considered without the residency restrictions later attached by the voters, does not constitute punishment, but rather is regulatory in nature. (*People v. Castellanos* (1999) 21 Cal.4th 785, 796.) Consequently, the registration requirement furnishes no basis for a jury trial as defendant claims.

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.


5